PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH DEPIZZO,                              )
                                            )       CASE NO. 4:14cv2833
                 Plaintiff,                 )
                                            )
        v.                                  )       JUDGE BENITA Y. PEARSON
                                            )
BANK OF NEW YORK MELLON, *et al.*,          )
                                            )       **MEMORANDUM OF OPINION AND**
                 Defendants.                )       **ORDER** [Resolving ECF No. 8]


        Pending before the Court is a motion for judgment on the pleadings jointly filed by

Defendants Bank of New York Mellon and Specialized Loan Servicing, LLC (ECF No. 8).[1]  The

Court has been advised, having reviewed the record, including the parties' briefs and the

applicable law.  For the reasons that follow, the Court grants Defendants's motion.

                        **I.  Factual and Procedural Background**

        On March 21, 2007, Defendant Bank of New York Mellon filed a foreclosure action in

the Trumbull County Court of Common Pleas against Plaintiff Joseph DePizzo.  ECF No. 1-1 ¶

7.  The first foreclosure action regarding the property at issue was voluntarily dismissed on or

around May 7, 2009.  ECF No. 1-1 ¶ 8.  Bank of New York Mellon re-filed a second foreclosure

action on November 19, 2013.  ECF No. 1-1 ¶ 10.  Plaintiff was not served with the new lawsuit

until November 22, 2013.  ECF No. 8-1 at 4.  Plaintiff moved to dismiss the second foreclosure

_____

        [1]  During the March 16, 2015 Case Management Conference, the Court, with the
agreement of counsel, converted the then pending motions to dismiss into motions for judgment
on the pleadings.  ECF No. 21 at 2.

(4:14cv2833)

action on October 15, 2014 because Plaintiff's loan had been accelerated more than six years ago

for the first foreclosure action.  ECF No. 8-1 at 2.  On November 19, 2014, the Trumbull County

Court of Common Pleas granted Plaintiff's motion to dismiss.  ECF No. 8-4.  Bank of New York

Mellon appealed that decision to the Ohio Eleventh District Court of Appeals, where the case

remains pending today.  ECF No. 27.

      Plaintiff originally filed the case at bar in state court on November 24, 2014, ECF No.

1-1,  asserting a single cause of action for a violation of the Fair Debt Collection Practices Act

("FDCPA") against Bank of New York Mellon, Specialized Loan Servicing, LLC, and The Law

Offices of John D. Clunk Co., L.P.A.[2]  Plaintiff alleges that Defendants violated the FDCPA by

attempting to collect on a time-barred debt when Defendants initiated a foreclosure action outside

the statute of limitations.  ECF No. 1-1 ¶ 13.  Defendants removed this case to federal court on

December 29, 2014.  ECF No. 1.  Bank of New York Mellon and Specialized Loan Servicing,

LLC jointly filed a dispositive motion.  ECF No. 8.  Plaintiff opposed ( ECF No. 16); and

Defendants replied.  ECF No. 20.  The matter is ripe for adjudication.

## II.  Legal Standard

      A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed

under the same standard applicable to a motion to dismiss under Rule 12(b)(6).  *Tucker v.*

*Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).  Additionally, a motion brought

pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the

---

   [2]  Plaintiff and The Law Offices of John D. Clunk Co., L.P.A stipulated to the dismissal
of Plaintiff's claims against The Law Offices of John D. Clunk Co., L.P.A with prejudice.  ECF
No. 26.

2

(4:14cv2833)

party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). It also must "state a claim that is plausible on its face." *Id.* at 570. Upon reviewing a motion to dismiss, the Court shall take the pleadings as true and construe them "liberally in favor of the party opposing the motion to dismiss." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. Pro. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . merely creat[ing] a suspicion of a legally cognizable right." *Twombly*, 550 U.S. at 555–56 (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, p. 235–236 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.  Analysis

Defendants have raised two bases for dismissing Plaintiff's case. First, Defendants argue

3

(4:14cv2833)

that Plaintiff's FDCPA claim is barred by the statute of limitations.  ECF No. 8 at 4–6.  Second,

Defendants argue that Plaintiff's claim is barred by claim preclusion.  ECF No. 8 at 6–9.  The

Court holds that the statute of limitations disposes of the case.

The FDCPA provides that "[a]n action to enforce any liability created by this subchapter

may be brought . . . within one year from the date on which the violation occurs."  15 U.S.C. §

1692k(d).  Courts will generally refuse to extend the statute of limitations "by even a single day."

*Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. Ohio 2010) (citing *Graham-*

*Humphrey v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).  In this

case, Plaintiff alleges the that Defendants violated the FDCPA by filing a time-barred foreclosure

action.  ECF No. 1-1 ¶ 13.  The parties contest, however, what date the Court uses to determine

when the statute of limitations begins to run.  Defendants argue that the limitations period runs

from the date of filing of the action; Plaintiff argues that the limitations period runs from the date

that he was served with the complaint.  This dispute is case dispositive.  Plaintiff's case is barred

by the statute of limitations if the date of filing is used, but is timely if the date of service is

used.[3]

The Sixth Circuit has not definitively ruled on the issue of whether the one-year statute of

limitations runs from the filing of the unlawful collection lawsuit or its service.  *Ruth*, 604 F.3d

at 914 ("[W]e need not answer whether the FDCPA's one-year clock started when Unifund filed

---

[3]  Plaintiff was served with the lawsuit on November 22, 2013.  ECF No. 8-1 at 4.
Plaintiff's lawsuit, filed on November 24, 2014 would be timely because the one-year period
would have expired on a Saturday—November 22, 2014.  *See Bartlik v. U.S. Dep't of Labor*, 62
F.3d 163, 167 (6th Cir.1995) (holding that "when a filing is required to be made on a [weekend
date] and is made on [the following] Monday, it is timely filed").

4

(4:14cv2833)

its suit or when it served Ruth. No matter the answer to either question, Ruth's lawsuit remains time-barred." (citations omitted)).  Elsewhere, courts have resolved the issue both ways.  A number of courts have followed the approach articulated in *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) that the statute of limitations begins to run from the time of filing because "[f]iling a complaint is the debt collector's last opportunity to comply with the Act."  *See Crumel v. TCCA, Inc.*, No. 3:14-CV-350, 2014 WL 6844643, at *2 (E.D. Tenn. Dec. 3, 2014) (collecting cases in which courts follow *Naas*).  In contrast, a number courts have followed the approach outlined in *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002), running the statute of limitations from the date on which the debtor is served.  *See Vaughn v. Nat'l Collegiate Student Loan Trust 2006-3*, No. 2:14-CV-194, 2014 WL 6686751, at *3 (E.D. Tenn. Nov. 26, 2014) (listing cases in which courts follow *Johnson*).  As the Tenth Circuit explained in *Johnson*:

> If the debt collector files suit against the FDCPA plaintiff but then elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an "attempt to collect" on the debt within the meaning of the FDCPA, 15 U.S.C. § 1692f. . . . Of course, the fact that a party that has committed half an actionable wrong is likely to commit the other half cannot suffice to create a complete and present cause of action.
>
> Furthermore, if the limitations clock began to run with service of process rather than with filing suit, somebody in [defendant's] position could effectively block any action under the federal statute by filing suit and then delaying service. In fact, a delay of service for an entire year (so that the debtor remained unaware of the lawsuit during that time) could cause the limitations period to run out before there was any opportunity for the debtor to bring suit under the FDCPA.

*Johnson*, 305 F.3d at 1113–14.

Defendants concede that the Sixth Circuit has not directly resolved this issue (ECF No. 8 at 5), but argue that it has essentially answered the question in *Tyler v. DH Capital Mgmt. Inc.*,

5

(4:14cv2833)

736 F.3d. 455 (6th Cir. 2013). *Tyler* involved a dispute over whether a claim for filing an

unlawful debt-collection action was property of the estate in a subsequent bankruptcy proceeding.

The plaintiff in *Tyler* filed for bankruptcy after DH Capital had filed a debt-collection lawsuit

against him, but before DH Capital served Tyler with the complaint.  *Tyler*, 736 F.3d at 458.

Because "all causes of action that hypothetically could have been brought pre-petition are

property of the [bankruptcy] estate," the court of appeals needed to determine whether the

violation—the debt-collection lawsuit—"occur[ed] at the filing of the complaint, or only once

the debtor is served with the complaint." *Id.* at 462–63.

The court of appeals held that a FDCPA violation based on an unlawful debt-collection

action occurs at the filing of the action.  *Id.* at 463.  In so doing, the court of appeals expressly

rejected *Johnson*'s reasoning and offered four rationales for selecting the filing date as the date

the violation occurs.  First, the filing of the complaint caused actual harm to the debtor, either by

signaling to other creditors that the debtor is facing a lawsuit or as a means to pressure the debtor

into paying the debt.  *Id.* at 464.  Second, using the filing date created a "bright-line" and avoided

using "factually complicated" alternative dates.  *Id.*  Third, the approach comported with the

FDCPA's purpose of regulating the actions of debt collectors, and that using the date of service

instead would protect debt collectors who file a lawsuit but delay serving process until after an

unlawful attempt to collect has been made.  *Id.*  Finally, the court of appeals recognized that,

while a debtor may have a stronger case further along in a debt-collection action, the filing of the

complaint would still be the "root" of the violation.  *Id.*  For these reasons, the court of appeals

held that a "FDCPA claim viable at service of process will be viable at filing." *Id.* at 464 n.5.

6

(4:14cv2833)

Applying *Tyler* to the instant case, Plaintiff's lawsuit is barred by the statute of limitations.  The import of *Tyler* is that a debt-collection lawsuit that violates the FDCPA "occurs" at its filing.  The filing date, therefore, is "the date on which the violation occurs," 15 U.S.C. § 1692k(d), and an action predicated on that violation must be brought within the following year.  Defendants's allegedly unlawful foreclosure action was filed on November 19, 2013 (ECF No. 1-1 ¶ 10), but Plaintiff waited until November 24, 2014 to file the instant lawsuit.  Plaintiff did not bring his lawsuit "within one year from the date on which the violation occurs" and is therefore time-barred.  15 U.S.C. § 1692k(d).

Plaintiff distinguishes *Tyler* by arguing that it answered a different issue than the one in the instant case.  Plaintiff argues that *Tyler* did not address the statute of limitations for bringing a FDCPA claim based on an unlawful collection action, but rather decided whether an action constituted property for purposes of the bankruptcy code.  ECF No. 16 at 9.  This argument misses the basis for *Tyler*'s holding.  It is true that the ultimate issue in *Tyler* was whether a FDCPA lawsuit constituted pre-petition property for the bankruptcy estate.  To reach that conclusion, the court of appeals needed to determine at what point the underlying violation occurred.  *Tyler, 736 F.3d at 463* ("As to Tyler's FDCPA claim, the question is whether an actionable violation occurred at (or before) the time of DHC's filing a complaint, thus bringing the claim into the bankruptcy estate.").  After holding that the violation occurred at the filing, the court of appeals concluded that the FDCPA claim preceded the bankruptcy petition and was property of the bankruptcy estate as a result.  *Tyler*, therefore, decided that filing an unlawful collection action marked the date that the FDCPA violation occurred, which makes it the date

7

(4:14cv2833)

from which the statute of limitations in 15 U.S.C. § 1692k(d) begins to run.  That the court of appeals reached this conclusion within the context of a bankruptcy case is not a sufficient basis for rejecting binding precedent.  *See Vaughn*, 2014 WL 6686751, at *5 ("[W]hile the bankruptcy framework in which the *Tyler* decision arose presents an arguable basis to conclude that it is not binding authority on these facts, the undersigned is simply not at liberty to ignore it. The Sixth Circuit clearly stated its opinion was contrary to the reasoning of *Johnson* and that the FDCPA statute of limitations begins to run at the time of filing, rather than service."); *see also Toops v. Citizens Bank of Logan, Ohio*, No. 2:14-CV-2086, 2015 WL 1526411, at *3 (S.D. Ohio Apr. 2, 2015) (same); *Crumel*, 2014 WL 6844643, at *4 (same); *but see Mooneyham v. GLA Collection Co.*, No. 1:14-CV-179-GNS-HBB, 2015 WL 3607647, at *4 (W.D. Ky. June 8, 2015) (reading *Tyler* as not addressing when a claim accrues for statute of limitations purposes and suggesting the discovery rule may apply in FDCPA cases).

In a related argument, Plaintiff argues that the Court should adhere to the "controlling authority" of *Polinsky v. Cmty. Health Partners Reg'l Health Sys.*, 858 F. Supp. 2d 891, 896–97 (N.D. Ohio 2012) (Pearson, J.), which held that, as a matter of first impression, the statute of limitations accrues on the date of service of an unlawful collection lawsuit.  ECF No. 16 at 5. Plaintiff's argument is unavailing.  *Polinsky*, a district court opinion, is not controlling in subsequent district court cases.  *Liebisch v. Sec'y of Health and Human Servs.*, 1994 WL 108957, at *2 (6th Cir. Mar. 30, 1994) ("District court opinions have persuasive value only and are not binding as a matter of law."); *TolTest, Inc. v. Purcell P & C, L.L.C.*, No. 3:12-CV-01821, 2013 WL 1571714, at *2 (N.D. Ohio Apr. 12, 2013)  (recognizing that district court opinions are

8

(4:14cv2833)

binding only on the parties to that action under principles of *res judicata*).  As important, *Polinsky* was decided before *Tyler*, without any guidance from the Sixth Circuit, and adhered to the reasoning of *Johnson*.  *Polinsky*, 858 F. Supp. 2d at 896 (citing *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).  *Tyler* expressly repudiated the reasoning of *Johnson*, *see Tyler*, 736 F.3d at 463, and the Court, now having the benefit of *Tyler*'s guidance, is bound to follow it.  *See Vaughn*, 2014 WL 6686751, at *5 (holding that *Tyler* "clearly stated" that the statute of limitations runs from the filing date and declining to follow a contrary prior decision that preceded *Tyler*).

Finally, Plaintiff argues that an unreported decision in *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249 (6th Cir. 2014) reflects that *Tyler* did not in fact resolve when the statute of limitations accrues for a FDCPA violation based on initiating a collection lawsuit. ECF No. 16 at 5–6.  Plaintiff hones in on language contained in a footnote in *Slorp*:

> Courts are divided on whether the relevant date for purposes of the accrual of an FDCPA claim is the date on which the suit is filed or the date on which the defendant is served. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010). Because Bank of America's foreclosure action was filed and served more than one year before Slorp filed suit, we need not resolve that dilemma.

*Slorp*, 587 F. App'x at 258.  This, Plaintiff argues, reveals that the Sixth Circuit "has announced that neither the *Slorp* case, nor any previous Sixth circuit decision has conclusively addressed or resolved the issue at hand in this case."  ECF No. 16 at 5.  The statute of limitations, however, was not at issue in *Slorp* because the debtor acknowledged that he did not bring his claim within the one-year period.  *Slorp*, 587 F. App'x at 257.  Instead, *Slorp* attempted to rescue his untimely FDCPA claim by arguing that the creditor committed a continuing violation of the FDCPA by

9

(4:14cv2833)

prosecuting an ongoing unlawful collection action.  *Slorp* rejected this argument, noting:

> The institution and maintenance of the debt-collection suit in this case is much
> more akin to a discrete act of discrimination than a hostile work environment. As
> a general matter, when a debt collector initiates a deceptive, abusive, or otherwise
> unfair lawsuit, there is no doubt that the FDCPA claim—insofar as it is
> viable—accrues on that date. Although the subsequent prosecution of that suit
> may exacerbate the damages, the continued accrual of damages does not diminish
> the fact that the *initiation of the suit was a discrete, immediately actionable event*.

*Slorp*, 587 F. App'x at 258 (emphasis added).  *Slorp*, therefore, accords with *Tyler*'s holding that

a debt collector violates the FDCPA the moment the unlawful collection action is filed because

the filing constitutes "a discrete, immediately actionable event."  That occurrence, under the plain

language of 15 U.S.C. § 1692k(d), starts the counting for the statute of limitations.

The FDCPA requires a plaintiff to bring an action "within one year from the date on

which the violation occurs."  15 U.S.C. § 1692k(d).  Under Sixth Circuit law, the actionable

violation occurred when Defendants re-filed a second foreclosure action on November 19, 2013.

ECF No. 1-1 ¶ 10.  Plaintiff had until November 19, 2014 to initiate a lawsuit.  Having failed to

do so, his claim is time-barred.

### IV.  Conclusion

For the forgoing reasons, the Court grants Defendants's motion for judgment on the

pleadings.


IT IS SO ORDERED.


September 25, 2015                                  */s/ Benita Y. Pearson*
Date                                                       Benita Y. Pearson
                                                             United States District Judge

10